**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WILLIAM B. SCOTT, individually and as administrator for the estate of ERIK SCOTT, deceased; and LINDA G. SCOTT, individually,<br><br>Plaintiff(s),<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, et al.,<br><br>Defendant(s). | 2:12-CV-1269 JCM (RJJ) |

**ORDER**

On July 17, 2012, this case was removed to this court from state court. (Doc. # 1). After reviewing the petition for removal for proper jurisdiction, this court, *sua sponte*, remands this case to state court for lack of subject matter jurisdiction.

**I.     Factual Background**

Plaintiffs are William B. Scott and Linda G. Scott, parents of decedent Erik Scott and administrators for the estate of Erik Scott ("plaintiffs"). (Doc. # 1, 5:22-24). Defendants are Costco Wholesale Corporation and Costco employee Shai Lierley ("defendants"). (Doc. #1, 1:21-22). Plaintiffs allege that Mr. Scott lost his life due to a situation proximately caused by defendants. (Doc. #1, 2:10-14).

. . .

**James C. Mahan**
**U.S. District Judge**

While shopping at Costco on July 10, 2010, Mr. Scott was notified of the company's no firearms policy" when an employee saw he was carrying a concealed weapon. (Doc. #1, 7:9-13). Mr. Scott informed the employee of his valid firearms registration, and legal concealed weapons permit, and continued shopping. (Doc. #1, 7:13-16). Defendant Lierley then called 911 and alerted the dispatcher that Mr. Scott was carrying a weapon, under the influence of drugs, acting erratically, and reaching for his firearm. (Doc. #1, 7:22-25). The store was evacuated and Mr. Scott was identified to the police by defendant Lierley. (Doc. #1, 8:4-7). Mr. Scott was then shot by officers and died shortly thereafter. (Doc. #1, 8:8-9).

On June 8, 2012, plaintiffs filed an action against defendants in the Eighth Judicial District Court. (Doc. # 1, 1:28). The complaint alleges negligence and wrongful death; case number A-12-663162-C. (Doc. # 1, 5:11). On July 17, 2012, defendants filed a petition for removal in this court to remove case number A-12-663162-C from state to federal court. (Doc. # 1).

**II.    Discussion**

   A.    Legal Standard

An action filed in state court may be removed to federal court if the federal court would have had original subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). This court has original subject matter jurisdiction over two types of cases. First, pursuant to its diversity jurisdiction, the court may preside over suits between citizens of different states where the amount in controversy exceeds to sum or value of $75,000. 28 U.S.C. § 1332(a). Second, pursuant to 28 U.S.C. § 1331, this court has federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."

If, following removal, a federal court determines there was a defect in the removal procedure or an absence of subject matter jurisdiction, it may remand the action to state court sua sponte or on motion of a party. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). In deciding whether removal was proper, courts strictly construe the statute against finding jurisdiction, and the party invoking federal jurisdiction bears the burden of establishing that removal was appropriate. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). Where

**James C. Mahan**
**U.S. District Judge**

- 2 -

doubt exists regarding the right to remove an action, it should be resolved in favor of remand to state court. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

B. Analysis

1. *Diversity Jurisdiction*

Defendants attempt to establish diversity jurisdiction pursuant to 28 U.S.C. § 1332 by demonstrating complete diversity among the parties and that the amount in controversy exceeds $75,000.

*a. Amount in Controversy*

Defendants state that the amount in controversy exceeds $75,000 because plaintiffs have "not filed anything in the state action indicating an intention not to seek more than $75,000" (doc. # 1, 2:15-16) and this "creates an inference [that plaintiffs think their] case may be worth more" (doc. # 1, 2:16-17). Additionally, plaintiffs state that they are seeking damages in excess of $10,000. (Doc. # 1, 5:28-29). Pursuant to Nevada Rules of Civil Procedure 8(a), plaintiffs are barred from stating an exact amount of damages over $10,000. NEV. R. CIV. P. 8(a). The prohibition of specifying damages over $10,000 was created to prevent attention generated by higher claims. *Id*. Accordingly, the amount in controversy requriement has been established.[1]

*b. Forum Defendant Rule*

Pursuant to the forum defendant rule, removal on the basis of diversity jurisdiction is confined to "instances where no defendant is a citizen of the forum state." 28 U.S.C. § 1441(b); *see also Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006). The defendant always has the burden of exhibiting that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Plaintiffs represent to the court that defendant Lierley is a citizen of Nevada (doc. # 1, 6:10-11), which defendants do not contest. (Doc. # 1, 2:6-7). Defendants simply state that Lierley does not share citizenship with either Costco or plaintiffs. (Doc. # 1, 2:6-7); however, describing Lierley's

---

[1] Furthermore, the court aknowledges that the expectation of damages for the claims specified in the instant case are considerable.

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  state of citizenship in the negative is not sufficient to establish that he is not a citizen of Nevada.

2  Therefore, because this action was filed in Nevada state court and because the defendants fail
3  to meet the burden of showing that Lierley is not a citizen of Nevada,[2] the forum defendant rule bars
4  defendants from removing this action to federal court. 28 U.S.C. § 1441(b).

5          c. *Complete Diversity*

6  Additionally, it is well settled that in the context of diversity jurisdiction, the legal
7  representative of an estate is a citizen "only of the same State as the decedent." 28 U.S.C. §
8  1332(c)(1).

9  As discussed, defendants assert that defendant Lierley does not share state citizenship with
10 either Costco or plaintiffs, and "thus complete diversity exists between the parties." (Doc. # 1, 2:8).
11 Defendants state plaintiffs are citizens of Colorado. (Doc. # 1, 2:4). However, defendants fail to
12 appreciate the importance of Mr. Scott's Nevada citizenship. Because plaintiffs are administrators
13 of Mr. Scott's estate and because Mr. Scott retained Nevada citizenship, plaintiffs are also considered
14 citizens of Nevada for purposes of this proceeding. 28 U.S.C. § 1332(c)(1). Plaintiffs and defendant
15 Lierley are therefore citizens of the same state, invalidating complete diversity among the parties.

16 **III.   Conclusion**

17 Based on the foregoing discussion, this court lacks subject matter jurisdiction under 28
18 U.S.C. § 1332.

19 Accordingly,

20 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that this matter be, and
21 the same hereby is, REMANDED to state court due to this court's lack of subject matter jurisdiction.

22 DATED September 6 , 2012.

_____
**UNITED STATES DISTRICT JUDGE**

---

[2] As plaintiffs alleged in their complaint.